624 P.2d 874

**Rosemarie NOBLE, Appellant,**

v.

**NATIONAL AMERICAN LIFE INSURANCE COMPANY, Appellee.**

**No. 1 CA–CIV 4006.**

Court of Appeals of Arizona,
Division 1.

June 28, 1979.

Rehearing Denied Aug. 31, 1979.

Review Granted Oct. 2, 1979.

Cox & Cox by Randall R. Douglas, Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall by Ruth V. McGregor, Stacy Olliphant, Phoenix, for appellee.

## OPINION

WREN, Presiding Judge.

The question raised by this appeal is whether Arizona recognizes a cause of action in tort for a bad faith refusal of an insurer to pay a claim of its own insured. We find that such a cause of action does exist in this state.

In return for a monthly premium of $26.50, appellee, National American Life Insurance Company, issued to appellant, Rosemarie Noble, a policy of health insurance insuring her against surgical and hospital expenses arising from any sickness originating after March 28, 1974. In January of 1975 appellant had surgery for endometriosis resulting in expenses in the claimed amount of $1,503.53. When appellee declined to pay appellant's claim, she commenced the instant litigation. Count One alleged a breach of contract and sought $1,503.53 in damages.

Count One was dismissed with prejudice, the parties having so stipulated. Only appellant's other count, Count Two, is before us on appeal. After incorporating the allegations of Count One, Count Two alleges:

> 10. Because of defendant's breach of its duty to pay the just claims of its insureds and implied warranty of good faith and fair dealing with its insureds, plaintiff has become indebted to doctors and hospitals, has been threatened with lawsuits, has had her credit rating jeopardized, and has suffered severe anxiety, emotional distress, and physical complaints which have necessitated medical treatment.

The prayer applicable to Count Two seeks damages in the amount of $50,000. The trial court dismissed Count Two on appellee's motion and accorded finality to its decision pursuant to Rule 54(b), 16 A.R.S. Rules of Civil Procedure.

Although appellant's complaint refers to a breach of warranty, she has confined her position on appeal to the proposition that tort liability is to be imposed upon the insurer. It is also to be noted that appellant has not alleged either intentional infliction of emotional distress[1] or a claim for punitive, as opposed to compensatory damages.

Our review of the case is governed by the principle that a motion to dismiss may not be granted unless it is clear that the pleader would not be entitled to any relief under any state of facts which could be proven in support of the claim. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976).

The cause of action which plaintiff pursues was first recognized in California. *Gruenberg v. Aetna Insurance Company*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973); *Silberg v. California Life Insurance Company*, 11 Cal.3d 452, 113 Cal.Rptr. 711, 521 P.2d 1103 (1974). The California court grounded its holding on the implied duty of good faith and fair dealing imposed upon the insurance company. Prior to *Gruenberg*, that duty had been imposed only upon liability insurers for failing to accept reasonable offers of settlement within policy limits. *See Comunale v. Traders & General Insurance Company*, 50 Cal.2d 654, 328 P.2d 198 (1958); *Crisci v. Security Insurance Company of New Haven, Conn.*, 66 Cal.2d 425, 58 Cal.Rptr. 13, 426 P.2d 173 (1967). The court in *Gruenberg* reasoned that the duty of a liability insurer to accept reasonable offers of settlement and the duty of an insurer not to unreasonably withhold payments due to its own insured "are merely two different aspects of the same duty." 510 P.2d at 1037.

The courts of some states have held, consistent with *Gruenberg* and *Silberg*, that there is a cause of action sounding in tort for an insurer's bad faith refusal to make payments to its insured. *See, e. g., United Services Automobile Association v. Werley*, 526 P.2d 28 (Alaska 1974); *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (1976). One court of which we are aware has rejected such a holding. *Lawton v. Great Southwest Fire Insurance Company*, 118 N.H. 607, 392 A.2d 576 (1978). *See also Santilli v. State Farm Life Insurance Company*, 278 Or. 53, 562 P.2d 965 (1977).

■ That the law implies a duty upon an insurer to deal fairly with its insured is firmly established in Arizona. *Farmers Insurance Exchange v. Henderson*, 82 Ariz. 335, 313 P.2d 404 (1957); *General Accident Fire & Life Insurance Corporation v. Little*, 103 Ariz. 435, 443 P.2d 690 (1968); *Parsons v. Continental National American Group*, 113 Ariz. 223, 550 P.2d 94 (1976). While appellant contends that the cases of *Stephan v. Allstate Insurance Company*, 26 Ariz.App. 367, 548 P.2d 1179 (1976), and *John Hancock Mutual Life Insurance Company v. McNeill*, 27 Ariz.App. 502, 556 P.2d 803 (1976), indicate a previous acceptance in Arizona of the "first party" tort liability principle of the California cases, we do not believe that they can be so read. We think the question before us is one of first impression in this State.

■ May a breach of contract be a tort? In *Central Arizona Light & Power Co. v. Bell*, 49 Ariz. 99, 64 P.2d 1249, 1251 (1937), and in *McClure v. Johnson*, 50 Ariz. 76, 69 P.2d 573, 577 (1937), our Supreme Court quoted the following passage from 1 C.J. 1017, § 139:

'There are also certain classes of contracts which create a relation out of which certain duties arise as implied by law independently of the express terms of the contract, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of the contract or in tort for breach of the duty imposed by law, the rule being that, where there is a breach of duty imposed by law, an action in tort is not precluded because such duty arises out of

---

1. *See* Section 46 of the *Restatement of Torts, Second* (1965); A. S. Keenan and R. M. Gillespie, "The Insurer and the Tort of Intentional Infliction of Mental Distress: *Fletcher v. Western National Life Insurance Co.*", 39 *Insurance Counsel Journal* 335 (1972); and *Eckenrode v. Life of America Insurance Company*, 470 F.2d 1 (7th Cir. 1972).

a contract relation. This rule applies in the case of the contractual relation between ... carrier and passenger or shipper, and between other public service corporations, or persons exercising such franchises, and their patrons, such as gas or water companies, or telegraph companies.'

The above-mentioned language of suing either in contract or in tort speaks to the existence of separate causes of action rather than any election of remedy.

Even in the *Lawton* case which rejected the *Gruenberg* holding, the obligation of good faith and fair dealing was recognized. 392 A.2d at 580. This duty, recognized in the Arizona cases cited above, is a duty imposed by law by virtue of the contractual relationship but independent of its terms. The passage quoted approvingly in *Bell* and *McClure* indicates that an action in tort lies for the breach of such a duty. We see no reason not to apply that general principle to the issue now before us.

There are essentially three legal positions in a case of this nature. The traditional view has been that an insurance contract is merely one to pay money, and that the only damages available for its breach are the sum which should have been paid plus legal interest. *See Note*, 45 *Fordham Law Review* 164 (1976). The second view would permit a recovery of all foreseeable and consequential pecuniary damages. *Lawton v. Great Southwest First Insurance Company.* The third view would also permit a recovery in tort for mental suffering in a case where the insurer, clearly without justification, breaches its duty to deal with its insured fairly and in good faith.

If courts align with the traditional view, insurers are given powerful incentives to contest and delay the settlement of good faith claims. *See Note*, 48 *Notre Dame Lawyer* 1303 (1973). While we are impressed with that portion of the holding in *Lawton* which would provide for recovery of full consequential damages for breach of contract, we are not persuaded by its holding that the cause of action may not sound in tort and may not allow recovery of damages for mental suffering. In our view insurance contracts are as highly involved with the public interest as are contracts with carriers and public utilities. *Crisci* and other authorities cited above indicate that an action in tort will lie, and we hereby adopt their view.

We are mindful that there is some language in *Farmers Insurance Exchange v. Henderson* which indicates that damages for humiliation and pain and suffering are not recoverable in the "third party" (liability insurer) situation. 82 Ariz. at 342–343, 313 P.2d at 408–409. The court, however, reached no determination as to whether the action there under consideration was in contract or in tort, and it stated:

> The wrong involved is causing the destruction or conversion of [the] insured's business property in satisfaction of the company's obligation.

82 Ariz. at 342–343, 313 P.2d at 409. We do not believe that the critical and specific question at issue here was considered and determined in *Henderson.*

■ Appellee raises the caveat that if we recognize a cause of action in tort, our ruling should be prospective only. We see no reason to render such an extraordinary holding. The *Gruenberg* case was cited in *John Hancock Mutual Life Insurance Co. v. McNeill,* and the issue we decide here has been discussed extensively by the insurance industry. *See* "Judicial Approaches to the Awarding of Extra-Contract Damages for Breach of Insurance Contracts", 661 *Insurance Law Journal* 95 (February 1978). Our holding will be effective in the present litigation.

The judgment of the trial court is reversed and the case is remanded.

DONOFRIO and MOELLER, JJ., concur.

NOTE: The Honorable JAMES MOELLER, Maricopa County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to A.R.S.Const. Art. VI, § 3.