# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

DALE PETERSON and )
REGINA PETERSON, )
                     )
         Plaintiffs, )
                     )
         v. )     C.A. No. N15C-01-141 CLS
                     )
21ST CENTURY CENTENNIAL )
INSURANCE COMPANY. )
                     )
         Defendant. )

Date Decided:  July 9, 2015

On Defendant 21st Century Centennial Company's Partial Motion to Dismiss.
**GRANTED.**

## OPINION

Eldridge A. Nichols Jr., Esquire, 1007 North Orange Street, Suite 600, Wilmington, Delaware, 19899.  Attorney for Defendant.

Gary W. Alderson, Esquire, 300 Delaware Avenue, Suite 700, Wilmington, Delaware, 19801.  Attorney for Plaintiffs.

**Scott, J.**

Defendant 21st Century Centennial Company ("21st Century") has moved to partially dismiss Plaintiffs Dale Peterson ("Mr. Peterson") and Regina Peterson's ("Mrs. Peterson") (collectively the "Petersons") Complaint pursuant to Del. Super. Ct. R. 12(b)(2), or in the alternative, pursuant to Del. Super. Ct. R. 9(b). Defendant seeks to dismiss Plaintiffs' claims brought under 21 *Del. C.* § 2118B for punitive damages and attorney's fees, Plaintiffs' claims under 18 *Del. C.* § 2304(16), and 6 *Del. C.* § 2513 with prejudice, and to dismiss Mrs. Peterson as a plaintiff in this action for lack of standing to make a claim. For the following reasons, Defendant's 21st Century's Partial Motion to Dismiss is **GRANTED**.

## Background

The Petersons were named as insureds under a 21st Century automobile insurance policy. In 2014 Mr. Peterson was allegedly injured in an automobile accident. Mr. Peterson subsequently tendered claims for personal injury protection ("PIP") benefits under the policy to 21st Century regarding treatment for his alleged injuries sustained in the automobile accident. On October 20, 2014, 21st Century had Mr. Peterson examined by an independent physician, Dr. Robert Smith. On November 6, 2014, 21st Century notified Mr. Peterson that his PIP benefits would be terminated on November 11, 2014, based on Dr. Smith's independent medical evaluation report. Mr. Peterson requested 21st Century reconsider its termination of his PIP benefits, and on December 14, 2015 21st Century provided Mr. Peterson

2

with Dr. Smith's independent report. In the beginning of January, 2015, Mr. Peterson's treating physician, Dr. Arnold Glassman, provided 21st Century with a report in rebuttal to Dr. Smith's findings. On January 19, 2015, the Petersons filed a Complaint alleging that 21st Century willfully, wantonly, recklessly, and/or negligently violated 21 *Del. C.* § 2118B by terminating Mr. Peterson's PIP benefits, without consideration of Dr. Glassman's recommendation. The Complaint also alleges that the termination of Mr. Peterson's PIP benefits constituted a breach of contract, breach of the covenant of good faith and fair dealing, and violated 18 *Del. C.* §2304(16) and 6 *Del. C.* § 2513 of the Delaware Consumer Fraud Act.

Defendant 21st Century has brought this Partial Motion to Dismiss, asserting that Mrs. Peterson should be dismissed from this action because she is not a "claimant" under 21 *Del. C.* § 2118B, and thus, Mrs. Peterson has no standing as a plaintiff in this action. Moreover, 21st Century asserts that Mrs. Peterson should be dismissed because her only claimed injury is, by its nature, merely speculative, as Mrs. Peterson has claimed no present injury. Defendant also asserts that Mr. Peterson's claim under 18 *Del. C.* §2304(16) should be dismissed because this Court has repeatedly held that § 2304(16) does not provide a private cause of action.

Furthermore, 21st Century asserts that Mr. Peterson's claim for punitive damages and attorney's fees should be dismissed because, even assuming the allegations of the Complaint are true, Mr. Peterson cannot show bad faith by 21st Century, as required under 21 *Del. C.* § 2118B(d) to recover attorney's fees or punitive damages. Finally, 21st Century asserts that Mr. Peterson's claim under 6 *Del. C.* § 2513(a) should be dismissed pursuant to Del. Super. Ct. R. 12(b)(6), because Mr. Peterson had made no claim that 21st Century's alleged illegal behavior was "in connection with the sale, lease or advertisement of any merchandise."[1] Alternatively, 21st Century argues that Mr. Peterson's § 2513(a) claim should be dismissed pursuant to Del. Super. Ct. R. 9(b) for failure to plead fraud with particularity because Mr. Peterson has made no claim of "deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact."[2]

The Petersons' primary response to each of 21st Century's arguments is that any dismissal of these claims or Mrs. Peterson as a plaintiff at this junction is premature because discovery has not yet been conducted. The Petersons concede that 21st Century's argument that Mrs. Peterson lacks standing may eventually have merit, but assert that such argument has been raised prematurely because all that is required of them at this junction is to put 21st Century on notice of the claim being

---

[1] 6 *Del. C.* § 2513(a).
[2] 6 *Del. C.* § 2513(a).

4

brought against it. The Petersons also argue that 21st Century's assertion regarding bad faith is premature because there is nothing in the record on this issue except the Petersons' prima facie claim of bad faith and discovery must be conducted for Plaintiffs to discover evidence supporting this allegation. Finally, the Petersons argue that 21st Century's motion prematurely attacks the validity of their claims under § 2513 and §2304(16) because the claims under these statutes in the Complaint have put 21st Century on notice of the precise misconduct with which they are charged. Moreover, the Petersons assert that, even if §§ 2513 and 2304(16) do not provide a private cause of action, they are still entitled to cite these statutes to allege a common law claim of negligence *per se*.

## Standard of Review

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[3] All well-pled allegations in the complaint will be assumed to be true.[4] The complaint must be without merit as a matter of fact or law to be dismissed.[5] The Court will draw every reasonable factual inference in favor of the non-moving party.[6] Rule 9(b)

---

[3] *Spence v. Funk,* 396 A.2d 967, 968 (1978).
[4] *Nix v. Sawyer,* 466 A.2d 407, 410 (Del.Super.Ct.1983).
[5] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del.1970).
[6] *Ramunno v. Cawley,* 705 A.2d 1029, 1036 (Del.1998).

5

additionally requires that the circumstances constituting fraud be stated with particularity.[7]

## Discussion

### I. Regina Peterson Lacks Standing

The Petersons offer no substantive response to 21st Century's assertion that Mrs. Peterson lacks standing in this action because she is not a "claimant" within the meaning of 21 *Del. C.* § 2118B. Instead, they assert that 21st Century's argument ignores its statutory duty to both of its insureds, Mr. and Mrs. Peterson, "to prevent the financial hardship and damage to person credit ratings that can result from the unjustifiable delays of such payments."[8] While the Petersons correctly cited the purpose of § 2118B, they entirely disregard the requirement that a person be considered a "claimant" within the meaning of § 2118B to have standing to recover under the statute.

The statute allows only for a "claimant" to bring suit.[9] The term "claimant" is defined as the person, or organization, that submits the claim to the insurer.[10] This means that a claimant can be, but is not limited to, an insured or a medical

---

[7] *Sammons v. Hartford Underwriters Ins. Co.*, 2010 WL 1267222, at *1 (Del. Super. Apr. 1, 2010). *See, e.g., Latesco, LP v. Wayport, Inc.,* 2009 WL 2246793 (Del.Ch.).

[8] 21 *Del. C.* § 2118B(a).

[9] *Id.*

[10] *Sammons v. Hartford Underwriters Ins. Co.,* 2011 WL 6402189, *2 (Del. Super. Dec. 15, 2011) (defining the term claimant as a matter of statutory construction and finding that "[c]ommon sense dictates that the 'claimant' who submitted the claim receives any statutory damages."), *aff'd,* 49 A.3d 1194 (Del. 2012).

provider.[11] In *Sammons v. Hartford Underwriters*, this Court determined that because the medical bill was submitted to the insurer by the medical practice, the medical provider and not the insured was the claimant.[12] The *Sammons* Court further held that even if the payment was not timely, the insured would not have been "entitled to any statutory interest."[13] In essence, this Court has found as a matter of statutory construction that the "claimant" within the meaning of § 2118B is the person or entity that submitted the bill to the insurer.[14] Thus, as the Petersons' Complaint has made no assertion that Mrs. Peterson submitted a bill directly to 21st Century, she does not have standing to bring a claim under 21 *Del. C.* § 2118B.

The Petersons also argue that 21st Century's assertion that Mrs. Peterson's injuries are speculative is an overly technical objection that fails to appreciate that the Complaint puts 21st Century on notice of the obvious, that its actions will likely cause Mrs. Peterson stress and anguish. However, it is the Petersons' argument that fails to appreciate the purpose and requirements of Del. Super. Ct. R. 12(b)(6). While the judicial system has been established to allow an aggrieved party a forum to recover for damages allegedly suffered by the actions of a defendant, it is

---

[11] *Id.*
[12] *Id.* at *3.
[13] *Id.*
[14] *Id.* at *2.

not required to entertain actions where plaintiffs have not suffered any damages.[15] Moreover, the general rule is that in an action based upon contract, un-accompanied by a related affirmative tortious physical act and unaccompanied by physical injury, mental suffering is not an element to be considered in awarding compensatory damages.[16] Though a pecuniary injury caused by breach of contract is likely to be accompanied by mental suffering, such as some sudden poverty or bankruptcy, for mental suffering so caused, no compensatory damages are given.[17]

In this case, Mrs. Peterson had not presented any damages because none have been sustained. The only damage Mrs. Peterson claims that she has suffered is that the alleged breach of contract causes Mr. Peterson additional stress and angst, which *may* in turn adversely affect her physical condition and health. However, Mrs. Peterson has not been harmed or injured because she was not the "claimant" under § 2118B, and is therefore not entitled to statutory interest, which is the alleged harm. Furthermore, Mrs. Peterson has, at most, offered strictly conclusory and speculative damages as a result of 21st Century's alleged breach of contract. For these reasons, Mrs. Peterson has no standing as a plaintiff in this action, and has failed to state a claim upon which relief can be granted, pursuant to

---

[15] *Dalton v. Ford Motor Co.*, 2002 WL 338081, at *6 (Del. Super. Feb. 28, 2002).

[16] Restatement on Contracts § 341; 5 Corbin on Contracts § 1076, at 425-37.

[17] *McClain v. Faraone*, 369 A.2d 1090, 1094 (Del. Super. 1977).

Del. Super. Ct. R. 12(b)(6). Accordingly, Defendant's partial motion to dismiss as to Mrs. Peterson's lack of standing is **GRANTED**.

## II. 18 *Del. C.* § 2304(16)

Delaware's Unfair Claims Practices Statute provides, in pertinent part, that "[n]o person shall engage in this State in any trade practice which is defined in this chapter as, or determined pursuant to this chapter to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."[18] The General Assembly has expressly defined certain activities as unfair or deceptive act or practices.[19] Most relevantly, in 18 *Del. C.* § 2304(16) the General Assembly has prohibited "unfair claim settlement practices" which include an insurance company "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear ..."[20]

Mr. Peterson relies upon an unspecified subsection of § 2304(16) to claim that by allegedly not considering in good faith Dr. Glassman's rebuttal letter to Dr. Smith's independent medical evaluation, Mr. Peterson has a valid implied breach of good faith and fair dealing claim. However, this Court has repeatedly held that 18 *Del. C.* § 2301, *et seq.,* and specifically § 2304(16) does not provide for a

---

[18] 18 *Del. C.* § 2303.
[19] 18 *Del. C.* § 2304.
[20] 18 *Del. C.* § 2304(16)(f).

private cause of action.[21] Mr. Peterson is essentially attempting to argue that an implied duty breach claim can stand, in part, dependent upon § 2304(16), despite the statute not supporting a private cause of action. In other words, by relying on § 2304(16), Mr. Peterson is attempting to circumvent the jurisprudence and establish a claim where one would otherwise be prohibited. Thus, Mr. Peterson's claim under § 2304(16) is without merit as a matter of law, and cannot survive the requirements of Rule 12(b)(6). Accordingly, Defendant's partial motion to dismiss as to Mr. Peterson's claim under 18 *Del. C.* § 2304(16) is **GRANTED**.

### III. Punitive Damages and Attorney's Fees

Mr. Peterson has at no point alleged any subsection of 21 *Del. C.* § 2118B that 21st Century has violated. In fact, the admissions within Mr. Peterson's own Complaint expressly prohibit claims raised under subsections (b) or (c), as Mr. Peterson has admitted in his Complaint that a claim was opened under his PIP policy upon his timely notice of the collision,[22] and that Mr. Peterson's PIP

---

[21] *Price v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1213292, at *16 (Del. Super. Mar. 15, 2013) aff'd, 77 A.3d 272 (Del. 2013); *Yardley v. U.S. Healthcare, Inc.,* 698 A.2d 979 (Del. Super. 1996), *a'ffd,* 693 A.2d 1083, 1997 WL 188355 (Del. Apr. 11, 1997) (TABLE); *Moses v. State Farm Fire and Cas. Ins. Co.,* 1991 WL 269886 (Del. Super. Nov. 20, 1991); *Playtex FP, Inc. v. Columbia Cas. Co.,* 1993 WL 54504 (Del. Super. Feb. 19, 1993); *Strollo v. DeRosa,* 1996 WL 527327 (Del. Super. Aug. 29, 1996).

[22] *See* 21 *Del. C.* § 2118B(b), providing in pertinent part:

When an insurer is notified in writing by the claimant that the claimant desires to file an initial claim for benefits pursuant to § 2118(a)(2) of this title, *the insurer shall, no later than 10 days following the insurer's receipt of said notification, provide that claimant with a form for filing such a claim*….

benefits were denied based on an independent medical examination of Mr. Peterson conducted by Dr. Smith, the report for which 21st Century provided to Mr. Peterson.[23]

Mr. Peterson makes only the conclusory allegation that "[b]y refusing to consider the evidence of medical necessity provided by Dr. Glassman before summarily and abruptly terminating PIP benefits, defendant has willfully, wantonly, recklessly, and/or negligently violated the requirements of 21 *Del. C.* § 2118B." Under the favorable standard applicable to the non-moving party on a motion to dismiss, the Court can only tangentially infer that this allegation suggests that 21st Century has violated 21 *Del. C.* § 2118B(d). Subsection (d) of 21 *Del. C.* § 2118B provides, in pertinent part, for an award for costs and attorney's fees to the plaintiff-insured in addition to the amount of any judgment entered under this

---

(emphasis added). A claim under subsection (b) of this section is necessarily barred because of Mr. Peterson's admission in his Complaint that 21st Century opened a claim under his PIP policy in response to his notice of the collision. *See* Complaint at ¶ 5.

[23] *See* 21 *Del. C.* § 2118B(c), providing in pertinent part:

> When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, ***the insurer shall*** promptly process the claim and shall, ***no later than 30 days following the insurer's receipt of said written request*** for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, *make payment of the amount of claimed benefits that are due to the claimant **or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial***.

(emphasis added). A claim under subsection (c) of this section is necessarily barred because of Mr. Peterson's admission in his Complaint that 21st Century terminated his PIP benefits, providing Mr. Peterson the independent medical examination report by Dr. Smith, the basis for the termination. *See* Complaint at ¶¶ 5-6. The validity of the denial is not the subject matter of the harm subsection (c) is design to prevent.

11

section and any amount provided for by subsections (b) and (c), only if the insurer is found to have acted in bad faith. However, as discussed *supra*, Mr. Peterson has made no claim in the Complaint that the Court could reasonably infer as an allegation that 21st Century violated subsection (b) or (c) of 21 *Del. C.* § 2118B.

Even assuming Mr. Peterson had alleged any cognizable claim under § 2118B, he still has not satisfied the bad faith requirement under subsection (d) to recover punitive damages and attorney's fees. In order to establish "bad-faith" the plaintiff must show that the insurer's refusal to honor its contractual obligation was clearly without any reasonable justification.[24] This standard of reasonableness tests the judgment of the insurer's agent in deciding to contest the insurer's liability in the face of a claim. The ultimate question is whether at the time the insurer denied liability, there existed a set of facts or circumstances known to the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability.[25]

Where the issue to be tried is one of disputed fact, the question of bad faith refusal to pay should not be submitted to the jury unless it appears that the insurer

---

[24] *Nobel v. National American Life Ins. Co.,* App., 128 Ariz. 196, 624 P.2d 874 (1979); 3 Appleman, *Insurance Law and Practice,* § 1612, at 367-372. (Revised ed., 1967).
[25] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982). Compare, *Wolf v. Mutual Benefit Health and Accident Ass'n.,* 188 Kan. 694, 366 P.2d 219 (1961) and, generally 3 Appleman, *Insurance Law and Practice,* Ch. 86, "Damages for Refusal of Payment;" Ch. 87, "Justification of Delay or Nonpayment," (each discussing good faith in regard to imposition of statutory penalties on insurers).

did not have reasonable grounds for relying upon its defense to liability.[26] Here, in granting only a partial motion to dismiss as to Mr. Peterson's statutory claims, this Court has already tacitly found that there are material factual disputes as to whether 21st Century's termination of Mr. Peterson's PIP benefits was a breach of contract. Implicit in that ruling is a determination that a bona fide dispute existed. Furthermore, the Complaint admits that 21st Century's decision to terminate his PIP benefits was based on the findings in Dr. Smith's independent medical report produced after conducting an independent evaluation of Mr. Peterson. Thus, even if Mr. Peterson is afforded the benefit of all factual inferences, as the party resisting dismissal on this issue, the record simply fails to support his argument that no reasonable basis existed for the termination of benefits.

A plaintiff can only recover attorney's fees and punitive damages under 21 *Del. C.* § 2118B(d) by proving the insurer's bad faith in delaying payment of or denying the insured's claim. There can be no finding of bad faith where, at the time of the insurer's decision, there existed a bona fide dispute. The existence of both Dr. Smith's independent medical evaluation and Dr. Glassman's purported rebuttal report, both identified by Mr. Peterson in the Complaint, creates a bona fide dispute as to whether 21st Century breached its contractual obligations to Mr.

---

[26] *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982). Compare, *Coleman v. Metropolitan Life Ins. Co.,* Mo. App., 127 S.W.2d 764 (1936) (statutory penalty); *Allen v. National Liberty Life Ins. Co.,* 153 Ga. App. 579, 266 S.E.2d 269 (1980).

Peterson when it terminated his PIP benefits. Therefore, as a matter of law there can be no finding of bad faith under § 2118B(d). Accordingly, Defendant's partial motion to dismiss as to Plaintiffs' claims for punitive damages and attorney's fees pursuant to 21 *Del. C.* § 2118B is **GRANTED**.

## IV. 6 *Del. C.* § 2513

The purpose of the Delaware Consumer Fraud Act is "to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce."[27] In pertinent part, § 2513 of the DCFA provides as follows:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

This section establishes a private cause of action under the DCFA.[28]

21st Century argues that the consumer fraud claim should be dismissed pursuant to Rule 12(b)(6) because there is no allegation of a connection to the advertisement or sale of Plaintiff's insurance policy, as required by 6 *Del. C.* § 2513. 21st Century also argues that the consumer fraud allegations do not meet the

---

[27] 6 *Del. C.* § 2512.
[28] *Sammons v. Hartford Underwriters Ins. Co.*, 2010 WL 1267222, at *2 (Del. Super. Apr. 1, 2010).

particularity standard of Rule 9(b), which requires a statement of the time, place and contents of the false representations, as well as the identity of the person making those representations.[29] Paragraph 11 of the Complaint is the only place in the Complaint that raises a claim under § 2513, which alleges that:

> Defendant's summary termination of Mr. Peterson's PIP benefits in the presence of compelling medical evidence that Mr. Peterson still requires treatment also constitutes breach of its covenant of good faith and fair dealing **due Mr. Peterson under his automobile insurance policy with defendant** and also constitutes violations of 18 *Del. C.* §2304(16) and 6 *Del. C.* § 2513.

(emphasis added). Considering the Complaint in a light most favorable to Mr. Peterson, the Court can reasonably infer that the contract contained an implied promise to pay covered PIP claims within 30 days of receiving them, a promise which was made at the time of the sale of the policy. However, even granting Mr. Peterson the inference that the Complaint has sufficiently pleaded the termination of his PIP benefits was related to the sale of the policy, Mr. Peterson's claim under § 2513 still fails to satisfy the burden of Rule 12(b)(6) because Mr. Peterson makes no allegation of fraud in connection with the advertisement or sale of the 21st Century insurance policy.

At no point in the Complaint does Mr. Peterson make any claim of "deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact" by 21st Century, in

---

[29] *Rinaldi v. Iomega Corp.,* 1999 WL 1442014, at *6 (Del. Super. Sept. 3, 1999).

15

connection with the advertisement or sale of the insurance police, or otherwise. To state a claim upon which relief may be granted, the plaintiff must, at minimum, allege conduct by the defendant that is violative of the statute under which his claim is brought. In this case, the only improper or illegal conduct that Mr. Peterson claims against 21st Century is that 21st Century's termination of Mr. Peterson's PIP benefits constituted a breach of contract, that it was in bad faith, or that it was willful, wanton, reckless, and/or negligent in violation of 21 *Del. C.* § 2118B. Thus, Mr. Peterson has at no point pleaded any conduct by 21st Century that was in violation of 6 *Del. C.* § 2513. Accordingly, Mr. Peterson has failed to satisfy the requirements under Del. Super. Ct. R. 12(b)(6), and Defendant's motion to dismiss as to Mr. Peterson's claim under 6 *Del. C.* § 2513 is **GRANTED**.[30]

---

[30] For this reason, the Court does not reach an analysis under Del. Super. Ct. R. 9(b).

16

## Conclusion

For the foregoing reasons, Defendant 21st Century's Partial Motion to Dismiss as to Plaintiff Regina Peterson's lack of standing is **GRANTED**; as to Plaintiff Dale Peterson's claims under 18 *Del. C.* §2304(16) in **GRANTED**; as to Plaintiff Dale Peterson's claims for punitive damages and attorney's fees pursuant to 21 *Del. C.* § 2118B is **GRANTED**; and as to Plaintiff Dale Peterson's claims under 6 *Del. C.* § 2513 is **GRANTED**.

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*

Judge Calvin L. Scott, Jr.